[No. 17218.   Department One.   October 21, 1922.]

ERICK ENQUIST *et al., Respondents,* v. P. J. McGOWAN
& SONS, *Appellant.*[1]

APPEAL (418)—REVIEW—FINDINGS.  Where there is great conflict
in the testimony of witnesses appearing before the trial court, the
supreme court is not disposed to interfere with the findings.

LANDLORD AND TENANT (64) — REPAIRS AND IMPROVEMENTS —
COVENANTS AND AGREEMENTS.  The lessee of a fishing wheel under a
twenty-year lease, reserving to the lessor the right to purchase the
wheel at the end of the term at its then reasonable value, has no
right to make extensive improvements on the wheel immediately
before the expiration of the lease, where the lessor had notified him
not to do so, and that the lease would be terminated by purchase of
the wheel.

SAME (64).  In such case, the clause in the lease requiring the
lessee to keep the wheel in good repair cannot be construed to
authorize the making of such improvements.

SAME (64).  Where, in a lease of a fishing wheel, with option to
renew the lease if the lessor did not purchase the wheel, a provision
for arbitration of the value of the wheel failed because the lessee
insisted on wrongfully including improvements recently placed on
the wheel, the court may take the place of the arbitrators and find
the value; and it cannot be claimed that the lease was not ter-
minated by reason of failure to arbitrate and pay the value.

Appeal from a judgment of the superior court for
Skamania county, Kirby, J., entered November 2, 1921,
upon findings in favor of the plaintiffs, in an action for
an injunction, tried to the court.   Affirmed.

*E. G. Amme* and *Griffith, Leiter & Allen,* for appel-
lant.

*Miller, Wilkinson & Miller,* for respondent.

BRIDGES, J.—In April, 1899, the predecessors in
interest of the plaintiffs gave to the defendant a writ-
ten twenty-year lease covering certain real estate in
Skamania county, with the view that defendant should

[1]Reported in 209 Pac. 1091.

construct thereon and within the waters of the Columbia river a fishing wheel which should be maintained and operated by it during the term of the lease. The rental was to be paid in fish caught. Thereafter the defendant constructed, and for many years maintained, the wheel in question. The lease provided that the defendant should keep the wheel and its leads in a good state of repair. At the termination of the lease, the lessors or their successors in interest had the option of purchasing the wheel at its then reasonable value. If the parties could not agree, the value was to be fixed by arbitration. If the lessors did not choose to pay the agreed or fixed price for the improvements, they were to execute and deliver to the lessee another twenty-year lease in all respects similar to the one here in question. This lease was, by its terms, to end on January 1, 1919.

.The plaintiffs purchased the property covered by the lease some two months and a half before the lease was to expire. At that time they claimed that the wheel was improperly located for fishing purposes because of the changes in the currents of the stream. They notified the defendant that, on January 1st following, they would, according to its terms, terminate the lease and would exercise their option to purchase the wheel and its equipment. They also notified the defendant not to put any further improvements on the wheel and expressly released it from so doing. Because it threatened to make some improvements at that time, the plaintiffs instituted suit against it, seeking to enjoin it from so doing, and the court made an order temporarily restraining it from making any such improvements. Notwithstanding this order, and notwithstanding instructions from the plaintiffs to the contrary, the defendant, during the months of November and December, immediately preceding the time for the ter-

mination of the lease, put extensive improvements on the wheel, although fishing could not be done at that time, nor until some weeks or months later.

After the improvements were made, the parties were unable to agree upon its value and they tried to arbitrate the matter, but were unable so to do because the plaintiffs insisted that the arbitrators should not take into consideration the value of the recent improvements, while the defendant insisted on including such improvements. By a cross-complaint the defendant sought to require the plaintiffs to execute an additional twenty-year lease in accordance with the terms of the existing lease, and also to recover of the plaintiffs certain damages for use made by them of the fishing wheel subsequent to January 1, 1919, the date of termination of the lease. The court, trying the case without a jury, refused to give the defendant any affirmative relief, fixed the value of the wheel at the sum of $1,000 and required the plaintiffs to pay that sum to the defendant, or, in default thereof, to execute a new lease for the period of twenty years. From a judgment entered upon these findings, the defendant has appealed.

It will be observed that, for the most part, only questions of fact are involved. The trial court found that, before the appellant made its improvements on the wheel, the respondents notified it of their intention to terminate the lease on January 1, 1919, and to purchase the wheel according to the value thereof, and that it should not make any improvements at that time and expressly released it from so doing. The court further found that appellant made the improvements after the issuance and service upon it of the order temporarily restraining the making of such improvements and after it was notified by respondents not to make any further repairs, and that it made such improve-

ments for the purpose of making the wheel expensive to the respondents and to put them in a position where they would be financially unable to comply with the terms of the lease and purchase the wheel. While the testimony is in great conflict, it is amply sufficient to support the findings of the court, and since that tribunal had the witnesses before it and was in better position than we are to determine the credence to be given to the witnesses, we are not disposed to interfere with the findings.

The appellant very earnestly contends that the temporary restraining order was wrongfully made because no notice of the application therefor had been given to it, and that since the order of the court was void, it had a right to disregard it and had a right to make the improvements notwithstanding the order. We do not think it is necessary for us to go into this question. According to the findings of the trial court, the respondents, in October and November, immediately before the termination of the lease, notified the appellant that the lease would be terminated on January 1, 1919, and would not be renewed and that they would purchase the wheel at an agreed or arbitration price, and that the appellant should not meanwhile make any improvements. It was plainly the duty of the appellant to let the lease take its course and it had no right, under the circumstances, to place extensive improvements on the wheel immediately before the termination of the lease. The time for its termination was at hand. Respondents intended to accept that provision of the lease permitting them to purchase the wheel. They did not want it improved at that time nor in that location. Of these things the appellant was timely notified. Under these circumstances, if appellant made any improvements, it was at its own risk. It could not then

make extensive improvements and require respondents to pay for them.

But appellant contends that, in making such improvements, it was only complying with the terms of the lease which required it to keep the wheel in good repair. This clause in the lease must be reasonably interpreted, and as so interpreted it must be held that the appellant was not authorized to make the improvements after receiving notice not to do so and that the lease would be terminated.

The appellant also complains that the court did not require the respondents to make a new lease. But we think the court was right. It is true there was no arbitration as provided in the lease, but that was so because the parties were unable to agree as to what should be the subject of the arbitration; that is, whether the arbitrators should or should not value the improvements which had recently been put on the wheel. Under these circumstances, it was entirely proper for the court to take the place of the arbitrators and find the value of the wheel, and this is what was done. This had the effect of terminating the lease on January 1, 1919, provided the respondents should pay the value of the wheel as found by the court. Nor was the appellant entitled to recover for the use of the wheel made by the plaintiffs after the termination of the lease.

We have very carefully read the testimony and have concluded that the judgment of the court based upon facts found by it was a fair and equitable one, and we affirm it.

PARKER, C. J., TOLMAN, FULLERTON, and MITCHELL, JJ., concur.